UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES CURRAN, JR,

    Plaintiff,

v.                                                     Case No. 8:22-cv-1962-AEP

MARTIN J. O'MALLEY,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon Attorney Martin J. Cohen's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b). (Doc. 17). On September 14, 2023, this Court entered an Order reversing and remanding the decision of the Commissioner under sentence four of 42 U.S.C. § 405(g). (Doc. 13). Upon remand, the Commissioner issued a favorable decision for Plaintiff resulting in an award of disability benefits. (*See* Doc. 17-1). As a result of the favorable decision, Plaintiff's counsel now seeks payment of fees in the amount of $30,620.00 pursuant to 42 U.S.C. § 406(b). The Commissioner does not oppose the requested relief.

Under 42 U.S.C. § 406(b), when a court renders a judgment favorable to Social Security claimant who was represented before the court by counsel, the court may allow a reasonable fee for such representation, not to exceed twenty-five percent of the total past-due benefits to which the claimant is entitled. 42 U.S.C. §

406(b)(1)(A). A plaintiff's counsel may recover attorney's fees under both 42 U.S.C. § 406(b) and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The plaintiff's attorney must, however, refund to the plaintiff the amount of the smaller fee. *Id.* The Court previously awarded Plaintiff's fees in the amount of $3,819.58, pursuant to the EAJA, 28 U.S.C. § 2412. (Doc. 16).

The fee agreement entered into by Plaintiff and Plaintiff's counsel states that twenty-five percent of all retroactive benefits obtained for Plaintiff will be paid to the firm of Plaintiff's attorney as compensation for their services. (Doc. 17-1). After the disability finding, the Social Security Administration withheld a total of $30,620.00 from Plaintiff's past-due benefits for possible payment of attorney's fees in federal court. (Doc. 17-1, at 3). Plaintiff's counsel requests an award of attorney's fees in this amount. Upon review of the fee agreement (Doc. 17-2) and the itemization of services rendered by counsel (Doc. 17-3), the Court determines that an award of fees in the amount of $30,620.00 is reasonable and appropriate. Moreover, in light of the time spent on the case, the requested fee is not so large as to result in a windfall for Plaintiff's counsel. *See Vilkas v. Comm'r of Soc. Sec.*, No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (finding reasonable a § 406(b) fee that amounted to payment of $1,121.86 per hour for attorney's representation of plaintiff before the court). However, the fee should be reduced by $3,819.58, the amount previously awarded to Plaintiff's counsel pursuant to the EAJA, 28 U.S.C. § 2412. Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 17) is GRANTED.

2. Plaintiff's counsel is awarded fees in the amount of $ 26,800.42 pursuant to 42 U.S.C. § 406(b).

DONE AND ORDERED in Tampa, Florida, on this 16th day of September 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

3